# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TOBELLE K. SCHUPACK,<br>Plaintiff,<br><br>v.<br><br>MARKETVISION RESEARCH, INC.,<br>Defendant, | CIVIL ACTION<br><br>NO. 16 - 6233 |

Baylson, J.                                                                                                  June 29, 2017

## MEMORANDUM RE: MOTION TO DISMISS

### I.   INTRODUCTION

In this case, Plaintiff Tobelle Schupack ("Plaintiff") alleges that Defendant Marketvision Research, Inc. ("MVR") failed to pay her for market research services she performed while employed by MVR in 2013 and 2014. Plaintiff seeks unpaid wages under three theories:

(1) breach of contract;

(2) violation of the Pennsylvania Wage Payment and Collection Law ("WPCL"); and

(3) unjust enrichment.

Presently before the Court is MVR's Motion to Dismiss Counts II and III of the Complaint, alleging violations of WPCL and unjust enrichment, respectively. For the reasons discussed below, MVR's motion is denied.

### II.   FACTUAL AND PROCEDURAL HISTORY

Taking Plaintiff's allegations as true, the factual background is as follows. Plaintiff was hired by MVR in June 2012 to perform market research services. (ECF No. 1, Compl. ¶ 7.) Plaintiff was to report to various senior account managers, complete the projects they assigned, present her findings, and modify her research based on the direction she received. Id. ¶ 16. In

exchange for the services she provided, Plaintiff invoiced her hours to MVR every two weeks and was compensated at an hourly rate of $50/hour. Id. ¶ 19. MVR provided Plaintiff with a desk, office, computer, and company email address, though Plaintiff primarily worked from home during the relevant time period. Id. ¶¶ 9, 20. The services that Plaintiff performed for MVR's pharmaceutical and health care clients were central to MVR's business mission. (Id., Ex. 3.) Throughout the duration of MVR's relationship with Plaintiff, MVR retained the right to terminate her employment at any time. (ECF No. 6, Pl.'s Opp'n at 5.)

In October 2014, when Plaintiff stopped working for MVR, she was owed roughly $85,000 for 1,691 hours worked from January 2013 to October 2014. (Compl. ¶ 24.) In January 2016, Plaintiff contacted MVR's Executive Vice President, to whom she had previously reported, requesting payment for the uncompensated hours, and was referred to the company's Human Resources Director, Emily Redder. (Id. ¶ 26.) On March 3, 2016, Plaintiff submitted an invoice listing her hours spent on each project she worked on and the amount owed. (Id. ¶ 27.) Four days later, Redder requested additional detail so the hours could be certified. (Id. ¶ 28.) On March 10, 2016, Plaintiff provided the information requested, specifying in greater detail the tasks completed and listing the start and end dates for each project. (Id. ¶ 29.) On April 20, 2016, Redder informed Plaintiff that because Plaintiff had delayed in requesting payment, and because several of the listed projects had required additional work after Plaintiff had completed them, MVR would not pay her the requested $85,000 but was prepared to make a one-time payment of $15,000. (Id. ¶ 30.) On May 6, 2016, Plaintiff responded by stating that she could provide documentation of all of the work for which she was seeking payment. (Id. ¶ 31.) On May 9, 2016, Redder acknowledged Plaintiff's rejection of the one-time payment offer, and advised Plaintiff that MVR considered the matter closed. (Id. ¶ 32.)

Plaintiff filed suit against MVR on November 29, 2016 seeking unpaid wages and compensation, liquidated damages, interest, costs, and attorney's fees (ECF No. 1). On February 3, 2017, MVR moved to dismiss Counts II and III of Plaintiff's complaint (ECF No. 5). Plaintiff filed a Response to MVR's Motion on February 17, 2017 (ECF No. 6).

**III.   LEGAL STANDARD**

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

**IV.   DISCUSSION**

First, we must determine whether Plaintiff has stated a claim under the WPCL, which provides that "[e]very employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer."

43 Pa.C.S. § 260.3(a). Second, we must decide whether Plaintiff has stated a claim for unjust enrichment, such that MVR's failure to pay Plaintiff's invoice would inequitably allow MVR to both accept the services provided by Plaintiff and retain the compensation owed her.

### A. Violation of WPCL

To successfully plead a claim under the WPCL, a plaintiff must allege two elements. First, she must demonstrate a contractual entitlement to the wages or benefits. See Lehman v. Legg Mason, Inc., 532 F. Supp. 2d 726, 733 (M.D. Pa. 2007) (discussing the existence of a contract as a prerequisite to obtaining relief under the WPCL); also Weldon v. Kraft, Inc., 896 F.2d 793, 801 (3d Cir. 1990) (affirming grant of summary judgment on WPCL claim for want of an express or implied contractual obligation). Second, she must be an employee of the company; an independent contractor is not entitled to the protections of the WPCL. Spyridakis v. Riesling Grp., Inc., 398 F. App'x 793, 798 (3d Cir. 2010). Although the WPCL does not provide a statutory definition of the term "employee," factors relevant to the determination of whether an individual is an employee and thus entitled to the statutory protections of the WPCL include:

> "[T]he control of the manner that work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; the skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether the work is part of the regular business of the employer, and the right to terminate the employment at any time."

Williams v. Jani-King of Phila. Inc., 837 F.3d 314, 320 (3d Cir. 2016). Plaintiff satisfies both elements required to obtain relief under the WPCL because she has sufficiently alleged both the existence of an agreement between herself and MVR and the fact that she was MVR's employee during the relevant time period.

The first element required for a claimant to succeed on a WPCL claim is the existence of a contract between the parties. While the necessity of this element has been in dispute, both the

4

Supreme Court of Pennsylvania and our Court of Appeals have affirmed that an agreement between the parties is a prerequisite to obtaining relief under the WPCL.  See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003) (holding that to pursue a claim under the WPCL, a plaintiff must show the existence of an employment contract, an implied oral contract, or a collective bargaining agreement); Braun v. Wal-Mart Stores, Inc., 2011 PA Super 121, 24 A.3d 875, 954 (2011), aff'd, 630 Pa. 292, 106 A.3d 656 (2014) (confirming that "an employee raising a WPCL claim would have to establish, at a minimum, an implied oral contract").

Although Plaintiff did not expressly plead the existence of a contract in Count II discussing the WPCL, the facts she alleged, at minimum, support an implied employment agreement between her and MVR.  In Gordon v. Maxim Healthcare Services, Inc., No. 14-7175, 2014 WL 3438007 (E.D. Pa. July 15, 2014), the plaintiff's WPCL claim survived dismissal, despite the absence of a written employment agreement, because she averred that "she provided services as a home healthcare aide in exchange for wages to be paid according to a week-long pay period."  Id. at *4.  Similarly, here Plaintiff alleges that she performed market research services for MVR in exchange for payment, invoicing her hours at an hourly rate of $50/hour every two weeks.  (Compl. ¶¶ 7, 19.)  Additionally, the correspondence between Plaintiff and MVR concerning her right to payment exemplifies an understanding that Plaintiff was owed compensation for the hours worked.

Plaintiff alleges that the Executive Vice President whom she contacted to request payment referred her to Redder to handle the transaction, which is indicative of an agreement to pay.  (Id. ¶ 26.)  Furthermore, Redder's request for additional detail on Plaintiff's invoice is corroborative of an agreement between MVR and Plaintiff, because Redder likely would not have evidenced a willingness to work with Plaintiff if there were no agreement that MVR would

5

pay Plaintiff for work performed. (Id., Ex. 2.) Finally, in its discussion regarding the merits of Count II, MVR does not deny the existence of a valid employment contract, and, in its discussion of Plaintiff's unjust enrichment claim, MVR explicitly states that Plaintiff "had a contract with M[VR]." (ECF No. 5, MVR Mot. at 9.)

In summary, while Plaintiff did not specifically allege in Count II of her Complaint the existence of a contract, the Complaint taken as a whole contains sufficient facts to support the existence of such an agreement. Therefore, the inquiry regarding Plaintiff's WPCL claim turns to whether Plaintiff has adequately pleaded facts to establish that she was an employee of MVR.

On this point, MVR contends that Plaintiff was not its employee based on the control she exercised over the work she performed for MVR, and a lack of evidence to support employee status under any of the other factors. (Id. at 6.) Plaintiff counters that she was an employee under the ten-factor test for employee status, and that her position is analogous to that of the plaintiff in Miller v. Cerebain Biotech Corp., No. 16-3943, 2016 WL 6600009 (E.D. Pa. Nov. 8, 2016), a WPCL claim which survived a motion to dismiss. Id. at *5; (Pl.'s Opp'n at 5.) For the reasons discussed below, the factual allegations of the instant complaint allow a reasonable inference that Plaintiff is an employee for purposes of the WPCL.

While there are a variety of factors relevant to the determination of whether an individual is an employee or an independent contractor, the right to control the details and performance of the work is the key consideration. See Lynch v. W.C.A.B. (Connellsville Area Sch. Dist.), 123 Pa. Cmwlth. 299, 302, 554 A.2d 159, 160 (1989) (noting that the right to control is the most persuasive indicator); also Williams, 837 F.3d at 321 (predicting that the Pennsylvania Supreme Court would agree that the right to control is the most important factor). Plaintiff adequately alleges that MVR exerted a right to control the work she performed because her tasks were based

on assignments from senior account managers, she presented her research to an account director upon completion of each assignment, she revised her research reports pursuant to feedback from the account director, and she reviewed her findings with the client as requested by the account director. (Compl. ¶ 38.)

As in Razak v. Uber Technologies, Inc., No. 16-573, 2016 WL 5874822 (E.D. Pa. Oct. 7, 2016), where the defendant's ability to control the number of fares received by each driver established a right to control the work of the employee at the Motion to Dismiss stage, here MVR's right to determine the number and quality of assignments Plaintiff received sufficiently demonstrates that MVR exercised a high degree of control over Plaintiff such that she is an employee within the meaning of the WPCL. Id. at *9. Unlike in Morin v. Brassington, 871 A.2d 844 (Pa. Super. Ct. 2005), where the defendant company merely retained the right to terminate the working relationship of the parties, here MVR determined the type and amount of work that Plaintiff was assigned, provided direction and modifications to the approach that she took to her projects, and exercised oversight over the final product of her research, showing a significantly greater degree of control over the work performed by Plaintiff, thus weighing in favor of employee status. Id. at 850; (Compl. ¶ 38.)

Other factual allegations contained in Plaintiff's Complaint support the conclusion that she has successfully alleged her status as an employee under the WPCL at this preliminary stage of the litigation. First, she alleges that MVR provided her with an office, computer, phone, and company email address, which supports her status as an employee under the factor requiring consideration of which party provided the tools to perform the work. (Compl. ¶ 9.) Second, Plaintiff avers that she was paid by the hour for the services she provided, which supports her status as an employee under the factor requiring attention to whether payment is by the time or

7

by the job. (Id. ¶ 19.) Third, Plaintiff alleges that the market research she performed was integral to MVR's business because it supported their promise to provide "quality, custom research" to clients. (Id., Ex. 3); see Deron v. SG Printing, Inc., No. 11-1934, 2012 WL 3992960, at *9 (M.D. Pa. Sept. 4, 2012) (finding that an individual who provided crucial sales services performed an integral function supporting employee status at the pleading stage). In addition, Plaintiff avers that the work she performed did not require advanced training, MVR retained the right to terminate its relationship with her, and there was no express agreement designating her as an independent contractor, all of which support the inference that she was an employee of MVR. (Pl.'s Opp'n at 5); see Williams, 837 F.3d at 320 (listing as relevant factors whether performance requires advanced training, which party retains the right to terminate employment, and the terms of the agreement between the parties).

In support of its Motion to Dismiss, MVR offers a different interpretation of the factual allegations and argues that they do not establish a claim for violation of the WPCL. Specifically, MVR contends that Plaintiff has failed to adequately allege employee status based on the control that she exercised over the work she performed. (MVR Mot. at 6.) In support of this argument, MVR cites Pavlonis v. Commonwealth, 426 A.2d 215 (Pa. Commw. Ct. 1981) and C E Credits OnLine v. Unemployment Compensation Board of Review, 946 A.2d 1162 (Pa. Commw. Ct. 2008), both of which find that the claimant is not an employee for unemployment compensation purposes. Pavalonis, 426 A.2d at 218; C E Credits OnLine, 946 A.2d at 1169. However, those cases analyze employee status in the context of unemployment compensation eligibility, which is an inquiry that is guided by a slightly different test. See, e.g., Venango Newspapers v. Unemployment Comp. Bd. of Review, 631 A.2d 1384, 1387 (1993) (describing the two-prong test for determining whether an individual is an employee for purposes of unemployment

compensation, looking to (1) whether the person was free from control; and (2) whether the business was one which is customarily engaged in as an independent trade). While the control factor of prong one of the unemployment compensation test is similar to the control factor in the WPCL factor test, the circumstances pertinent to this determination are somewhat different in the two contexts. See Pavalonis, 426 A.2d at 217 (listing whether there is a fixed rate of remuneration; whether taxes are withheld; whether the employer supplies the tools; whether the employer provides on-the-job training; and whether the employer holds regular meetings that have to be attended as relevant factors to the determination of employee status for unemployment compensation purposes). Because the instant analysis is not governed by the factors referenced in C E Credits OnLine and Pavalonis, and because Plaintiff has adequately established her employee status under the ten-factor test used in WPCL claims, those cases are inapposite.

For the foregoing reasons, Plaintiff has alleged a claim under the WPCL.

**B. Unjust Enrichment**

To successfully plead a claim for unjust enrichment, a plaintiff must allege (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) the defendant's acceptance and retention of the benefit under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. Kliesh v. Select Portfolio Servicing, Inc., No. 12-548, 2012 WL 2500973, at *8 (E.D. Pa. June 29, 2012), aff'd, 527 F. App'x 102 (3d Cir. 2013). Additionally, the doctrine of unjust enrichment does not apply where the relationship between the parties is based on a written agreement or express contract. See Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3d Cir. 1987) (holding that where an express contract exists, it governs the parties' relationship and precludes a claim of unjust enrichment); also Schott v. Westinghouse Elec. Corp., 436 Pa. 279, 290 (1969)

(noting that the Pennsylvania Supreme Court has consistently declined to apply the doctrine of unjust enrichment where an express contractual relationship exists).

MVR urges the Court to dismiss this claim on the grounds that Plaintiff does not dispute the validity of the contract, and that the contract controls MVR's obligation to pay. (MVR Mot. at 9.) In support of Count III, Plaintiff contends that her position is analogous to that of the plaintiff in Miller, who survived dismissal on her unjust enrichment claim. (Pl.'s Opp'n at 5); Miller, 2016 WL 6600009 at *9. Plaintiff has stated a *prima facie* case of unjust enrichment because the validity of the contract between the parties is uncertain, and Plaintiff's Complaint contains factual allegations to support her argument that she conferred a benefit on MVR, that MVR appreciated this benefit, and that MVR's retention of this benefit is inequitable under the circumstances.

Where the validity of a contract between the parties is uncertain, pleading unjust enrichment in the alternative is permitted. Premier Payments Online, Inc. v. Payment Sys. Worldwide, 848 F. Supp. 2d 513, 527 (E.D. Pa. 2012). In Miller, the parties disputed the existence of a contract between them, with the plaintiff contending that an e-mail message outlining the terms of her employment constituted an agreement and the defendant asserting that the email simply summarized a conversation. Miller, 2016 WL 6600009 at *5. This disagreement was central to the decision to allow the plaintiff to plead in the alternative, because it would have been improper to resolve the competing claims as to the validity of the alleged contract at the Motion to Dismiss stage. Id. at *8. Similarly here, the validity of a contract is uncertain. Notably, Count III of the Complaint does not incorporate paragraph 40, which is the only reference to the existence of a contract in Plaintiff's Complaint. (Compl. ¶ 50.)

The instant case is distinguishable from situations where an undisputed contract governs the agreement between the parties. For example, in Blvd. Auto Group, LLC v. Chrysler Group LLC, 2013 Phila Ct. Com. Pl. LEXIS 485 (Pa. C.P. 2013), the key case cited by MVR in support of dismissal of Plaintiff's unjust enrichment claim, the plaintiff's claim was dismissed due to the existence of an express contract. Id. at *8. Here, in contrast, the validity of any contract that may exist is in question, making dismissal of her claim at this juncture improper. Moreover, there is abundant precedent in this district for denying dismissal of an unjust enrichment claim when the agreement between the parties is tenuous. See, e.g., United States v. Kensington Hosp., 760 F. Supp. 1120, 1135 (E.D. Pa. 1991) (declining to dismiss an unjust enrichment claim but noting that the defendant could raise the issue in a motion for summary judgment). Since there is no express contract governing the relationship between Plaintiff and MVR, and the existence of any agreement between the parties is uncertain, Plaintiff is permitted to plead unjust enrichment in the alternative. Therefore, the inquiry regarding Plaintiff's unjust enrichment claim turns to whether she has adequately pleaded facts to establish the three elements of an unjust enrichment claim, and for the reasons that follow, we conclude that she has.

First, Plaintiff accurately asserts that she conferred a benefit on MVR by providing 1,691 hours of research services in the form of reports, analyses, summaries, and data checks on over twenty projects. (Compl., Ex. 2.) See Deron, 2012 WL 3992960 at *10 (holding that a benefit was conferred by the plaintiff who alleged that he was uncompensated for over half of the work he performed). Second, Plaintiff adequately alleges that MVR appreciated the benefits of her efforts because they received her services and utilized the results of her work to fulfill their commitment to deliver high-quality, custom research to clients. (Compl. ¶¶ 14, 33); see Miller, 2016 WL 6600009 at *8 (holding that the defendant appreciated the benefit of the plaintiff's

rebranding services because they received and incorporated her plans). Finally, Plaintiff sufficiently pleads that MVR was unjustly enriched because they accepted and retained her services without payment of any of the compensation owed to her. (Compl. ¶ 52); see Miller, 2016 WL 6600009 at *8 (holding that the plaintiff pleaded that it would be inequitable for the defendant to retain the benefit of her services by alleging that she was never paid in full for services rendered). In summary, Count III of Plaintiff's Complaint is well pled and sufficiently supported by factual allegations that, taken in the light most favorable to Plaintiff, make plausible a cause of action for unjust enrichment.

## V.  CONCLUSION

For the foregoing reasons, MVR's Motion to Dismiss Counts II and III is denied.

O:\CIVIL 16\16-6233 Schupack v. MVR\16cv6233 memo re MTD.docx